PRICE, Judge.
This appeal, based solely upon a question of law, is taken from a judgment of the district court holding liable the defendant insurer under its policy covering a grain elevator admittedly responsible for contaminating the oats of the plaintiff.
During the period from June 11, 1969, until June 14, 1969, 5,379.65 bushels of oats harvested and combined for Lookaway Farm by J. T. Lee were delivered for storage to Caldwell Port Elevator, Inc., pursuant to a prior agreement whereby the defendant corporation was to store the oats for the plaintiff partnership at a rate of five cents per bushel. This compensated deposit was to continue indefinitely, the terminus to be delivery by plaintiff of the oats to subsequent purchasers.
When Lee took the clean oats to the defendant, he was advised by the latter’s employees that the elevator required cleaning, which entailed a three day delay. On June 16, 1969, Mrs. George Snellings, Jr., a partner in the plaintiff partnership, and her son, Frank, proceeded to the storage elevator to sack some of the oats, only to find that the oats coming out of the elevator were moist and full of dirt and trash — definitely not in a salable condition.
Employees of the defendant spent that afternoon and the following day unsuccessfully attempting to purge the working mechanism of the auger and lifting device. As E. J. Hodgkins, president and general manager of Caldwell Port Elevator, Inc., pointed out, there simply was no way of knowing exactly where the contamination occurred. The source could have been “the buckets, or the system, or the augers, or the pipe that houses the augers, or the pipe that houses the buckets, or the crevices in the turnhead.” Whatever the cause, the result of the inability to cleanse the system was contamination of the plaintiff’s stored crop.
Caldwell Port Elevator, Inc. concedes its liability for the contamination of these oats, and both defendants stipulate the plaintiff’s loss totals $2,336.41.
*622 The lower court entered judgment in favor of the plaintiff against defendants Caldwell Port Elevator, Inc. and Bituminous Casualty Corporation in solido for the sum of $2,336.41.
From this judgment only the insurer has appealed, with the sole question on appeal being one of semantics involving the meaning of the term “elevator.” The insurance policy which was issued to the defendant grain elevator included the following exclusion clause:
“This insurance does not apply:

“(i) to property damage to

“(3) property in the care, custody or control of the insured or as to which the insured is for any purpose exercising physical control;
but parts (2) and (3) of this exclusion do not apply with respect to liability under a written sidetrack agreement and part (3) of this exclusion does not apply with respect to property damage (other than to elevators) arising out of the use of an elevator at premises owned by, rented to or controlled by the named insured.”
(Emphasis supplied)
Plaintiff contends that the lower court correctly held that the mechanical contrivance used to elevate the grain prior to dumping it into the storage bins was an “elevator” to which the above quoted “exclusion to an exclusion” refers, the result being that the insurance policy covers the loss.
We cannot agree with this conclusion of the lower court. We are well aware that the terms of an insurance policy should be strictly construed against the insurer, and that ambiguities should be resolved in favor of the insured. However, where no ambiguity exists, we also recognize that courts are and should be powerless to alter the clear meaning of the provisions of a contract between consenting parties.
In this case presently before us, the policy itself defines elevator as
“any hoisting or lowering device to connect floors or landings whether or not in service, and all appliances thereof including any car platform, shaft, hoist-way, stairway, runway, power equipment and machinery, but does not include an automobile servicing hoist, or a hoist without a platform outside building if without mechanical power or if not attached to building walls, or hod or material hoist used in alteration, construction or demolition operations, or an inclined conveyor used exclusively for carrying property or a dumbwaiter used exclusively for carrying property and having a compartment height not exceeding four feet.” (Emphasis supplied)
The meaning of this clause is crystal clear. While the grain lifting mechanism may be denominated an “elevator” in the broad sense, just as may the entire building, the policy restricts the meaning of the term to its more literal context. The enclosed moving belt device with attached buckets for loading the grain, as well as the screw type transporting mechanism, is more in the nature of “an inclined conveyor used exclusively for carrying property.”
The $5,000.00 property damage coverage applied, under the terms of the policy, to liability incurred as a result of damages to property other than that belonging to others in the care, custody and control of the insured. Had the insured wished to procure further coverage to indemnify for damages to the property of others in its care, custody and control, it was certainly its prerogative to attempt to do so at an increased premium rate. However, the case at bar involves a policy of insurance for which the insured did contract, and its clear terms may not be varied under the premise of extended coverage which *623 the insured did not but possibly should have acquired.
Here, there exists an insurance policy, the terms of which are clear and unambiguous. The mechanical devices for vertically conveying the oats to the bins were not “elevators” under the terms of this insurance policy. Therefore, the exclusion clause of the property damage section of this policy applies, and precludes imposing upon the insurer the duty to indemnify for the loss occasioned by the plaintiff when his oats were contaminated by the insured.
Accordingly, the judgment appealed from is reversed and judgment is hereby rendered in favor of defendant, Bituminous Casualty Corporation, and against plaintiff, Lookaway Farm, rejecting plaintiff’s demands at its cost, including costs of this appeal.